Filed 11/8/23  P. v. Patzan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HERMELINDO PIRIR PATZAN,<br><br>    Defendant and Appellant. | H050740<br>(Santa Clara County<br>Super. Ct. No. C2001668) |

**I. INTRODUCTION**

Defendant Hermelindo Pirir Patzan pleaded no contest to four counts of lewd or lascivious acts upon a child under the age of 14 years by force, violence, duress, menace, or fear (Pen. Code, § 288, subd. (b)(1)).[1]  Defendant also stipulated to a list of aggravating circumstances stated in the complaint concerning each of these four counts (§ 1170, subd. (b)).  Pursuant to a plea agreement, several remaining counts alleging various sexual misconduct against a child were dismissed.  The trial court sentenced defendant to an aggregate term of 35 years in prison:  10 years for each of the first three counts and five years for the final count, with the sentences running consecutively.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issue.  We notified

_____

[1] All further statutory references are to the Penal Code.

defendant of his right to submit written argument on his own behalf within 30 days. That period has elapsed, and we have received no response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal. Following the California Supreme Court's direction in *Kelly,* we provide a brief description of the facts and the procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed. (*Kelly*, *supra*, at p. 110.)

## II. BACKGROUND

Defendant's stepdaughter testified at a preliminary hearing that beginning when she was 10 years old, defendant repeatedly touched her inappropriately and committed other sexual acts upon her or in her presence. She testified that she considered this behavior "normal" at first, and that defendant told her he would go to jail if she told anyone about his actions. She also testified that defendant's brother committed similar sexual acts upon her. Defendant's brother, Hector Pirir Patzan, was a co-defendant in this matter.

The trial court recessed during the preliminary hearing testimony by defendant's stepdaughter. Following the recess, counsel informed the trial court that the prosecution and the defendants reached a plea agreement. Accordingly, defendant pleaded no contest to four counts of lewd or lascivious acts upon his stepdaughter, and he stipulated to the aggravating circumstances for these counts alleged in the complaint. Defendant agreed to serve 35 years in prison and to waive certain rights, including his right to a preliminary hearing.

Before sentencing, defendant wrote to the trial court, seeking to withdraw his no contest plea and to have new counsel appointed to represent him. Following a hearing on the matter, the trial court denied defendant's requests.

The trial court sentenced defendant to an aggregate term of 35 years in prison, consisting of the following: the upper term of 10 years for each of the first three counts of lewd or lascivious acts upon a child, and the lower term of five years for the final count of lewd or lascivious acts upon a child, with the terms running consecutively. The trial court awarded

2

defendant 1,238 days of credit, consisting of 1,077 actual days and 161 days pursuant to section 2933.1. The trial court imposed and stayed various fines and fees based upon defendant's representation that he was unable to pay the fines and fees.

## III. DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) However, we have determined that the abstract of judgment dated January 17, 2023 contains a clerical error. The abstract of judgment incorrectly states defendant was convicted on September 13, 2016 for counts 1 and 2, and on September 13, 2017 for counts 3 and 4. However, the trial court accepted defendant's plea of no contest to these counts and found defendant guilty on April 1, 2022. We will order the abstract of judgment corrected.

## IV. DISPOSITION

The abstract of judgment (Judicial Council form CR-290) dated January 17, 2023 is ordered corrected as follows: item 1 shall be corrected to list defendant's date of conviction for counts 1 through 4 as April 1, 2022. The clerk of the superior court is directed to prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment. The judgment is affirmed.

_____
                          BAMATTRE-MANOUKIAN, ACTING P.J.




WE CONCUR:




_____
BROMBERG, J.




_____
ADAMS, J.*




*People v. Patzan*
**H050740**

_____
        *Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.